# The Attorney General of Texas

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 15, 1982

Mr. George M. Cowden
Chairman
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
Suite 400N
Austin, Texas    78757

Opinion No.   MW-462

Re:  Ratemaking standards to
be applied by Public Utility
Commission in hearing appeals
and fixing rates pursuant to
section  26(e)  of  article
1446c, V.T.C.S.

Dear Mr. Cowden:

You have requested an opinion concerning the standards to be
applied by the Public Utility Commission in hearing appeals from
ratepayers of municipally owned utilities who reside outside the
municipality's limits pursuant to section 26(e) of the Public Utility
Regulatory Act, article 1446c, V.T.C.S. [hereinafter "the act"].
Specifically, your question is:

> What standards or ratemaking provisions does the
> commission apply in hearing appeals de novo and
> fixing rates pursuant to section 26(e) of the act?

In Attorney General Opinion MW-406 (1981) we held that the
ratemaking standards of article VI of the act do not apply to appeals
pursuant to section 26(e), since all provisions of that article refer
to "public utilities" or "utility," from which municipal utilities are
expressly excluded pursuant to the definition of such in section 3(c)
of the act.  However, subsequent to the issuance of Attorney General
Opinion MW-406 (1981), the Austin Court of Appeals in Public Utility
Commission of Texas v. City of Sherman, Docket No. 13,453, Tex. Civ.
App. - Austin, December 23, 1981 (unreported), held that in certain
circumstances the terms "public utility" and "utility" as used in the
act do include municipally owned utilities, notwithstanding their
definitional exclusion in section 3(c).  Specifically, the court held
that the term "utility" in section 17(e) and the term "public utility"
in section 60 must be construed to include municipalities in order to
effectuate the intent of the act to establish a comprehensive
regulatory system.  Similarly, the Supreme Court of Texas in City of
Coahoma v. Public Utility Commission, 626 S.W.2d 488 (Tex. 1981), held
that the term "public utility" in section 53 of the act must be
construed to include municipally owned utilities, despite section

3(c). In *San Antonio Independent School District v. City of San Antonio*, 614 S.W.2d 917 (Tex. Civ. App. - Eastland 1981, writ ref'd n.r.e.), the court held that the term "public utility" as used in section 48 of the act is not dependent upon section 3(c) for its definition and must include municipally owned utilities. It should be noted that section 48 is within article VI of the act.

The above three cases make it clear that where exclusion of municipally owned utilities from the terms "public utility" or "utility" would result in a contradiction in the act or in a regulatory system of less than a comprehensive nature, then the terms must include such municipalities. It is equally clear, as set forth in Attorney General Opinion MW-406 (1981), that the legislature intended the commission to have jurisdiction over appeals from ratepayers of a municipally owned utility who reside outside the municipality's boundaries, pursuant to section 26(e) of the act. Accordingly, it must be inferred that the legislature also intended that there be ratemaking standards for such appeals, in order that the commission's jurisdiction in this regard be complete. Since the only ratemaking standards of the act are set forth in article VI, we believe it logically follows that these standards were intended to apply to section 26(e) appeals, and that the terms "public utility" and "utility" in article VI were intended to include municipally owned utilities, where the commission properly has jurisdiction over such utilities. The only qualification to this concerns section 43 of article VI, which establishes the procedure for public utilities to file rate applications with the regulatory authority and certain procedures the regulatory authority must follow in hearing such applications. Clearly this section does not apply to appeals from municipally owned utilities, which are instead governed by section 26.

## S U M M A R Y

In hearing appeals pursuant to section 26 of article 1446c, V.T.C.S., from ratepayers who reside outside the municipal limits, the Public Utility Commission of Texas should apply the ratemaking standards contained in article VI, with the exception of section 43.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Phil Ricketts
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Phil Ricketts
Rick Gilpin
Patricia Hinojosa
Jim Moellinger